UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY PINON-GUTIERREZ,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>    Defendants. | No. 2:15–cv–00343–KJM–AC<br><br><br>ORDER |

    This matter is before the court on defendant Officer N. Layton's motion to dismiss plaintiff's second claim alleging a violation of California Civil Code section 52.1 (Bane Act). (ECF No. 4 at 1–2.) Officer Layton argues plaintiff has not complied with the requirements of the California Government Claim Act (Claim Act), codified in the California Government Code. (*Id.* at 2.) Plaintiff opposes the motion. (ECF No. 6.) Defendant Layton has replied. (ECF No. 7.) The court held a hearing on the matter on June 5, 2015. Benjamin Williams appeared for plaintiff and Robert Collins appeared for defendant in place of attorney Catherine Guess. As explained below, the court GRANTS the motion.

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

    Plaintiff brings this action under 42 U.S.C. § 1983 and the Bane Act, alleging defendants violated her Fourth Amendment right to be free from unlawful arrest. (*See generally* Compl., ECF No. 1.) Plaintiff is a Sacramento County resident. (*Id.* ¶ 4.) The remaining

1

defendants are California Highway Patrol Officers N. Layton (*id.* ¶ 6) and M. Brown (collectively, Officers) (*id.* ¶ 7). Plaintiff has also sued Doe defendants.[1]

On September 12, 2013, at about 1:50 a.m., Ms. Pinon was driving home in her 2001 Toyota Corolla when the Officers pulled her over, alleging Ms. Pinon was driving without her front headlights on as required by the California Vehicle Code. (*Id.* ¶ 16.) Officer Layton advised Ms. Pinon that their only reason for stopping her was that she was traveling at night without the car's headlights on. (*Id.* ¶ 17.) The Officers asked her to exit the car and submit to Field Sobriety Tests (FST) and a breathalyzer test. After taking those tests, she was arrested for driving under the influence of alcohol. (*Id.* ¶ 18.) Ms. Pinon spent that night in the Sacramento County Main Jail and was released in the morning. (*Id.*) Before the Officers took her to jail, however, Officer Layton checked whether the headlights worked, finding both were functional. (*Id.*)

On May 2, 2014, Ms. Pinon moved to suppress the FST and breathalyzer results in the state criminal case against her. (*See id.* ¶ 19.) Officer Layton testified that after he had arrested plaintiff, he checked the headlights and they both were working. (*Id.* ¶ 20.) In addition, plaintiff's expert witness, Phillip Poe, opined that it was impossible that plaintiff could have been driving without the headlights on because her car was equipped with an automatic light system; the headlights would turn on automatically whenever plaintiff started the car's engine. (*Id.* ¶ 21.) Plaintiff's motion to suppress was granted (ECF No. 4-1 ¶ 19), and the criminal charges dismissed. (Compl. ¶ 22.)

---

[1] The Ninth Circuit has held that if a defendant's identity is not known before the complaint is filed, a "plaintiff should be given an opportunity through discovery to identify the unknown defendants." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quotation marks omitted) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff is warned, however, that doe defendants will be dismissed if "it is clear that discovery would not uncover the[ir] identities, or that the complaint would be dismissed on other grounds." *Id.* (quotation marks omitted) (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is also warned that Federal Rule of Civil Procedure 4(m) is applicable to doe defendants. That rule provides the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless good cause is shown. *See Glass v. Fields*, No. 09-00098, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. 11-01567, 2011 U.S. Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sep. 27, 2011).

On August 27, 2014, plaintiff filed a claim form with the California Victim Compensation and Government Claims Board, indicating May 2, 2014 as the date of the incident.[2] (ECF No. 4-1.) In the claim form, she avers as follows:

> On or about September 12, 2013 I was pulled over by Officers Layton and Brown of the CHP for the sole reason of having a broken head light. Officers Layton and Brown lied about their reason for pulling me over as my head lights were working properly. After I was pulled over without reasonable suspicion I was committing a crime, I was arrested. I spent a night in jail, incurred legal fees, and have an arrest on my record. On May 2, 2014, a motion to suppress in the Superior Court of California, County of Sacramento was granted in my criminal case stemming from my arrest. The Court found that neither Officer Layton or [sic] Brown had reasonable suspicion or probable cause to pull me over.
>
> Because of the unlawful arrest, I have an arrest on my record, incurred legal fees, and spent a night in jail. The arrest on my record is something that will affect my employment status and prospects for as long as the arrest remains on my record.
>
> Two members of the CHP, Officers Layton and Brown falsified their police reports and their reason for pulling me over. But for the unlawful conduct of Officers Layton and Brown, I would not have sustained the injuries alluded to [above].

(*Id.* at 5.)

Plaintiff commenced this action on February 10, 2015, asserting two claims against all defendants: (1) a § 1983 claim for violation of her Fourth Amendment rights and (2) a Bane Act claim. (Compl. ¶¶ 23–31, ECF No. 1.) At the hearing, plaintiff's counsel clarified she relies on a false arrest theory, not malicious prosecution, as the basis of her Bane Act claim.

II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Although a complaint need contain only "a short and plain statement of the claim showing that

---

[2] Defendant Layton requests that the court take judicial notice of plaintiff's August 27, 2014 filing with the California Victims Compensation and Government Claims Board. Plaintiff does not object. The court GRANTS defendant's request as "[s]uch a document is a matter of public record and is necessarily relied on by [p]laintiff[] in bringing [her] state law claim . . . ." *Moore v. City of Vallejo*, No. 14-00656, 2014 WL 5325461, at *1 (E.D. Cal. Oct. 17, 2014).

the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  This rule does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, to "allegations that contradict matters properly subject to judicial notice," or to material attached to or incorporated by reference into the complaint, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

III.  DISCUSSION

Defendant argues plaintiff's Bane Act claim is barred because plaintiff did not file a timely government claim.  (ECF No. 4 at 4.)  Specifically, defendant reasons that because plaintiff was arrested on September 12, 2013, and filed her claim on August 27, 2014, the claim fell outside of the six-month period imposed by California Government Code section 911.2.[3] (*Id.*)  Plaintiff counters she filed the claim within four months after the criminal charges were dismissed, and therefore complied with the California Government Code requirements.  (ECF

---

[3] Section 911.2(a) provides, "A claim relating to a cause of action for death or for injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action."  Cal. Gov't Code § 911.2(a).

4

No. 6 at 7.) At hearing, the parties confirmed they agree the Bane Act claim is subject to the six-month limitation period for presenting a claim under section 911.2(a).

If a claim against a public entity employing a public employee is barred for failure to file a timely claim, the claim against the public employee for causing injury in the scope of his or her employment is barred as well. Cal. Gov't Code § 950.2.[4] Otherwise, the protection provided to the public entity by the claim requirement would be pointless; public employees are entitled to indemnification from their public entity employer for conduct occurring in the course and scope of employment. *Id.* §§ 825–825.6[5]; *Briggs v. Lawrence*, 230 Cal. App. 3d 605, 613 (1991). Section 911.2 does in fact provide that a claim for personal injury must be presented to the governmental entity not later than six months after that claim's accrual. Cal. Gov't Code § 911.2(a). The date of accrual is the date upon which the statute of limitations would begin to run in the absence of a claim-filing requirement. *Id.* § 901.[6] The Ninth Circuit has observed that

---

[4] Section 950.2 provides, "a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred . . . ." Cal. Gov't Code § 950.2.

[5] Section 825 provides generally that if certain requirements are met, a public entity must pay any judgment entered against its current or former employee. Cal. Gov't Code § 825. Section 825.2 provides that if a current or former employee of a public entity pays any judgment entered against him or her, he or she is entitled to recover that amount from the public entity if certain conditions are present. *Id.* § 825.2. Section 825.4 states that an employee is not liable to indemnify a public entity if a public entity pays any judgment against that employee except as provided in section 825.6. *Id.* § 825.4. Section 825.6, in turn, provides that a public entity may recover the judgment payment from an employee "if he or she acted or failed to act because of actual fraud, corruption, or actual malice, or willfully failed or refused to conduct the defense of the claim or action in good faith." *Id.* § 825.6.

[6] Section 901 provides as follows:

> For the purpose of computing the time limits . . . , the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon.

Cal. Gov't Code § 901.

5

section 911.2 does not create mere procedural requirements, rather it provides elements of and conditions precedent to a plaintiff's state law claim. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969); *accord State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240–41 (2004) (compliance with claim presentation requirement is an element of claim against public entity).

Plaintiff's false arrest theory overlaps with the law of false imprisonment, the former being a species of the latter; the court here refers to the two torts together as false imprisonment. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007). "A cause of action for false imprisonment based on unlawful arrest is stated where it is alleged that there was an arrest without process, followed by imprisonment and damages. Upon proof of those facts the burden is on the defendants to prove justification for the arrest." *Collins v. Los Angeles Cnty.*, 241 Cal. App. 2d 451, 456 (1966); *see also Torres v. Dep't of Corr. & Rehab.*, 217 Cal. App. 4th 844, 848 (2013) ("It is settled that a cause of action for false imprisonment accrues on the person's release from incarceration."). In *Collins*, the court noted "inasmuch as the only allegation as to imprisonment in the second amended complaint is that plaintiffs were imprisoned and detained of their liberty on June 3, 1963, and there is no allegation of any imprisonment after that date, we hold in accord with the established rule . . . that the cause of action herein accrued on June 3, 1963." 241 Cal. App. 2d at 456. Similarly, in this case, the complaint alleges plaintiff was arrested and jailed on September 12, 2013, but was released in "the . . . morning." (Compl. ¶¶ 16, 18, ECF No. 1.) There is no allegation of imprisonment after that date. Nor does she allege or argue an exception to the accrual rule. Hence, plaintiff's claim accrued on September 12, 2013. *See Torres*, 217 Cal. App. 4th at 848 (an action for false imprisonment arising from arrest and imprisonment by a peace officer accrues upon termination of the imprisonment, even if the criminal proceedings are not dismissed or otherwise terminated until a later date); *see also Wallace v. Kato*, 549 U.S. 384, 390 (2007) ("If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more."). Plaintiff's August 2014 filing is untimely.

To the extent plaintiff argues the claim-filing period was tolled by the pendency of her criminal case, the court finds that argument unavailing. While the statute of limitations for a

6

civil action is tolled during the pendency of criminal charges, *see* Cal. Gov't Code § 945.3,[7] the tolling statute expressly does "not extend the time within which a claim is required to be presented pursuant to [s]ection 911.2[,]" *id.* *See Butler v. Los Angeles Cnty.*, 617 F. Supp. 2d 994, 1002 (C.D. Cal. 2008), *see also Ross v. Santa Clara Cnty. Sheriff's Dep't*, No. 14-01770, 2014 WL 6706550, at *12 (N.D. Cal. Nov. 26, 2014) ("The plain meaning of the statute states that the tolling provision in [s]ection 945.3 does not apply to the filing of a Government Claim. Rather, the tolling provision is limited only to the filing of a civil action.").[8] In *Butler*, plaintiffs were arrested on June 6, 2006, without reasonable suspicion or probable cause, and were held in custody for approximately twenty to twenty-four hours. *Id.* at 997. Just over nine months later, on March 17, 2007, the state court dismissed the criminal case against plaintiff Butler, and then on August 23, 2007, Butler presented his claim to the county. *Id.* at 997, 1002. The court found the state law claims accrued on the June 6, 2006 date, and therefore, a timely claim should have been filed by December 6, 2006. Butler was not entitled to tolling of the six-month period while criminal charges were pending. *Id.* at 1002.

Plaintiff makes a facially compelling argument based on Fifth Amendment self-incrimination. At hearing, her counsel argued that under California's criminal sentencing guidelines, the filing of a government claim can be used against a defendant to enhance sentencing if the criminal case goes to trial. A prosecutor also can use the filing of a claim as a

---

[7] California Government Code § 945.3 provides as follows in relevant part:

> Nothing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to § 911.2.

[8] One reason behind this rule is that "it provides the public body responsible for making preparations for the fiscal year with an opportunity to be informed in advance as to the indebtedness or liability that it may be expected to meet." *McMartin v. Cnty. of Los Angeles*, 202 Cal. App. 3d 848, 857 (1988). In addition, "The prompt filing of a claim enables a public entity, and the public employee, to place evidence holds on police transcripts, radio calls and other police records which may be systematically destroyed otherwise." *Id.* at 858. For example, "In cases where criminal defendants are injured by use of police equipment the prompt filing of a claim allows a public entity a chance to correct the conditions, policies, or modify the equipment which caused the injury." *Id.*

bargaining chip during plea negotiations.  Plaintiff argues, because her Fifth Amendment rights naturally were in full effect during the underlying criminal case, those rights can only be vindicated by tolling the period for filing the government claim.  Plaintiff has provided no authority for her argument, and the court has not located any.  And nothing that plaintiff stated on the claim form would have been incriminating.  *McMartin v. Cnty. of Los Angeles*, 202 Cal. App. 3d 848, 859 (1988) ("It is a little difficult to visualize how a possibility of self-incrimination could be involved in any mere relevant interrogation of [plaintiff] as to the background, aspects and incidents of her asserted claims . . . ." (internal quotation marks omitted, ellipsis in original)).  "After all, the information sought to be revealed in the claim is the circumstances surrounding the alleged misconduct of the government employee, not that of the claimant." *Id.* at 860.

Here, the law provides that Ms. Pinon's claim accrued at the time of arrest and imprisonment, in September 2013.  (Compl. ¶ 16.)  Ms. Pinon should have filed her claim no later than March 2013.  Because there was no tolling of that period during the pending criminal case, Ms. Pinon's August 2014 claim was untimely.

The court GRANTS defendant's motion without leave to amend.

IV.  CONCLUSION

Plaintiff's second claim under the Bane Act against Officer Layton is DISMISSED without leave to amend.  This order resolves ECF No. 4.

IT IS SO ORDERED.

DATED:  September 3, 2015.

_____
UNITED STATES DISTRICT JUDGE